UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RON N. SEROTA, | )<br>)<br>) |
| Plaintiff, | ) 2:11-cv-1969-LRH-RJJ<br>) |
| v. | )<br>) ORDER |
| DESERT CAB, INC.; et al., | )<br>) |
| Defendants. | ) |

Before the court are defendants' motions to dismiss (Doc. ##36, 37, 38[1]) and motion to strike (Doc. #39).

## I. Facts and Background

Pro se plaintiff Ron N. Serota ("Serota") was employed by defendant Desert Cab, Inc. ("Desert Cab") as a taxi driver. While employed at Desert Cab, Serota alleges that he was instructed to undertake certain allegedly illegal activities such as long-hauling passengers and being forced to add his tips to his fares to increase Desert Cab's daily earnings. When he complained, Serota alleges he was terminated.

Subsequently, Serota filed a complaint against defendants alleging several causes of action including two federal claims: (1) wire fraud; and (2) civil RICO. Doc. #2. Thereafter, defendants

---

[1] Refers to the court's docket entry number.

filed the present motions to dismiss the federal claims. Doc. ##36, 37, 38.

## II.  Legal Standard

Defendants seeks dismissal of the federal claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

2

(internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

**III. Discussion**

    **A. Wire Fraud**

In his complaint, Serota alleges that Desert Cab violated the Federal Wire Fraud Act, 18 U.S.C. § 1343. To establish a claim for wire fraud, a plaintiff must allege: (1) the formation of a scheme or artifice to defraud; (2) the use of the United States wires in furtherance of the scheme; and (3) a specific intent to deceive or defraud. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007). Further, a claim for wire fraud must be pled with particularity in accordance with Rule 9 of the Federal Rules of Civil Procedure. *Id.* at 553-554. In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the alleged fraud as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, Serota fails to allege anything more than the conclusory allegations that defendants committed wire fraud. There are no allegations outlining the alleged scheme to defraud, who the victims of the scheme were, how the United States' wires were used, what particular individuals and defendants were involved and how, nor what alleged false representations were made. In all, Serota fails to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). As such, Serota's allegations are insufficient to support a claim for wire fraud.

3

### B. Civil Rico

The federal RICO statute authorizes a private right of action by "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). In order to establish a civil RICO claim under 1964(c), a plaintiff must plead sufficient facts to show that the defendant harmed his business or property through two predicate acts of racketeering that were part of a larger pattern of racketeering activity. *See* 18 U.S.C. § 1961(5); *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001). Additionally, claims for civil racketeering must be plead with comparable Rule 9 specificity. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (racketeering allegations under section 1962(c) must identify the time, place, and manner of each fraud plus the role of each defendant in the scheme).

Here, Serota alleges only a single predicate act of racketeering activity: his underlying claim for wire fraud. *See* Doc. #2. Thus, on its face, Serota's civil racketeering claim fails because it does not allege two separate predicate acts of racketeering activity. *See* 18 U.S.C. § 1961(5). Additionally, Serota's underlying claim for wire fraud was not properly pled, and as such, his civil racketeering claim is likewise deficiently pled. Accordingly, the court shall grant defendants' motions to dismiss and dismiss Serota's federal claims.

However, because Serota is representing himself pro se, the court shall grant him leave to file an amended complaint to address the aforementioned pleading defects.

///
///
///
///
///
///
///

IT IS THEREFORE ORDERED that defendants' motions to dismiss (Doc. ##36, 37, 38) are GRANTED. Plaintiff's complaint (Doc. #2) is DISMISSED in its entirety.

IT IS FURTHER ORDERED that defendants' motion to strike (Doc. #39) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff Ron N. Serota shall have thirty (30) days from entry of this order to file an amended complaint.

DATED this 3rd day of August, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE